UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Isaac Kiniti Wairimu,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>Director, Department of Homeland Security and Director, Immigration and Customs Enforcement,<br><br>　　　　　　　　Respondents. | Case No.: 19-cv-174-BTM-MDD<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF PERSONAL JURISDICTION AND FAILING TO PAY FILING FEE OR REQUEST IFP STATUS**<br><br>**[ECF No. 1]** |

　　Before the Court is Petitioner Isaac Kiniti's petition for a stay pending an interlocutory appeal before the Board of Immigration Appeals ("the BIA") of an immigration judge's order granting a change of venue. (ECF No. 1 ("Pet.").) The Court treats this motion as a petition for writ of habeas corpus under 28 U.S.C. § 2241, alleging a violation of due process and requesting relief in the form of a stay of removal proceedings before the immigration judge. For the reasons discussed below, the Court **dismisses** the petition for lack of personal jurisdiction.

**I. BACKGROUND**

　　Mr. Kiniti is in removal proceedings, which were originally before the Immigration Court in Imperial, California ("the Imperial Immigration Court"). (See

Pet. Ex. C.)  On December 2, 2018, the Department of Homeland Security ("DHS") took Mr. Kiniti into custody, pending a final administrative determination in his case, pursuant to § 236 of the Immigration and Nationality Act, codified as 8 U.S.C. § 1226, and part 236 of the Code of Federal Regulations, codified as 8 C.F.R. § 236.  (Pet. Ex. A.)  Mr. Kiniti is currently being held by DHS at the Franklin County House of Corrections in Greenfield, Massachusetts, which is within the jurisdiction of the Hartford, Connecticut Immigration Court ("the Hartford Immigration Court").  (Pet. Ex. B.)

On December 3, 2018, DHS filed a motion to change the venue of Mr. Kiniti's removal proceedings to the Hartford Immigration Court.  (Id.)  On December 7, 2018, the Immigration Judge in Imperial ordered that the venue be changed to Hartford, basing the decision "upon due consideration of the Motion for Change of Venue . . . and having been satisfied that the non-moving party was accorded notice and an opportunity to respond."  (Pet. Ex. C.)

On December 11, 2018, Mr. Kiniti attempted to file an opposition to DHS's motion to change venue with the Imperial Immigration Court.  (Pet. Ex. E.)  The opposition lists several reasons why a change of venue would be inconvenient and unnecessary and also "inform[s] the Court that he received the governments [sic] motion for a change of venue on 12/11/18 and replied to it on 12/11/18." (Id.)  On December 20, 2018, the Imperial Immigration Court received Mr. Kiniti's opposition and rejected the filing, giving the following reason: "Incorrect Filing Location (Case at Court) – This Immigration Court is not, at this time, the correct location to file your document. You should file your submission at: Hartford Detained Docket."  (Id.)

On December 13, 2018, the Hartford Immigration Court issued a notice of hearing in removal proceedings, indicating that Mr. Kiniti's case was scheduled for a master hearing on December 19, 2018.  (Pet. Ex. D.)

Mr. Kiniti alleges that he received both the Imperial Immigration Court's

2

19-cv-174-BTM-MDD

order granting DHS's motion for a change of venue and the Hartford Immigration Court's notice of a master hearing on December 17, 2018. (See Pet., 3.) Mr. Kiniti also alleges that any date on which he receives mail should be "easily proved as Kiniti is detained and any legal mail he has received should be documented according to standard procedure." (Pet. Ex. H., 2.)

On December 18, 2018, Mr. Kiniti appealed the Imperial Immigration Court's order to the BIA, asking that his removal proceedings remain in California. (See Pet. Ex. H.) Now, Mr. Kiniti brings this petition before the Court, alleging a violation of due process and requesting relief in the form of a stay of his removal proceedings pending the BIA's decision on his appeal. (See Pet.)

## II. DISCUSSION

### A. Personal Jurisdiction

The Court holds that it lacks personal jurisdiction over Mr. Kiniti's petition. Moreover, even if there is personal jurisdiction, the preferable forum for a § 2241 habeas petition is the district of confinement.

As a general matter, "[d]istrict [c]ourts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). A federal court issuing a writ of habeas corpus must have personal jurisdiction over the custodian, *see Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495 (1973), which is often referred to as the "local custodian rule." Without such jurisdiction, the court has no authority to direct the actions of the restraining authority. *Malone v. Calderon*, 165 F.3d 1234, 1237 (9th Cir. 1999) (holding that a California district court did not have jurisdiction over a habeas action related to a prisoner confined in Missouri). The court has personal jurisdiction over the custodian if the court can reach the custodian by service of process. *Braden*, 410 U.S. at 495. Thus, where a petitioner names a respondent who is outside the district court's territorial limits, the court lacks personal jurisdiction to consider the petition. *See Malone*, 165 F.

3d at 1237.

In the Ninth Circuit, there is an unresolved question as to whether the local custodian rule applies in the immigration context. In *Sales v. Johnson*, the Northern District of California noted that:

> The Ninth Circuit in *Armentero v. INS*, 340 F.3d 1058, 1069 (9th Cir. 2003) (*Armentero I*), had concluded that the immediate custodian rule did not apply in a situation where the local or state warden lacked any legal power to release the detainee. It ultimately determined that the Attorney General and the Secretary of the Department of Homeland Security were proper respondents. *Id.* at 1071, 1073. However, the Ninth Circuit subsequently withdrew *Armentero I*, and dismissed the appeal based on the fugitive disentitlement doctrine, which prohibits considering the appeal of one who flees from custody during its pendency. *Armentero v. INS*, 412 F.3d 1088 (9th Cir. 2005) (*Armentero II*).

323 F. Supp. 3d 1131, 1137 n.3 (N.D. Cal. 2017). The *Sales* court ultimately held that there was personal jurisdiction over the petitioner in light of the ambiguity in the law and the fact that at least one of the four named respondents "ha[d] the legal power to provide [the petitioner] with the requested relief." *Id.* at 138.

This case is distinct from *Sales* in that the state of the law is unclear as to whether either of the respondents are properly named here. *See id.* Thus, the Court determines that it lacks personal jurisdiction over Mr. Kiniti's petition.

Even if there is personal jurisdiction, however, the preferable forum for a § 2241 habeas petition is the district of confinement. *See McCoy v. United States Bd. of Parole*, 537 F.2d 962, 966 (8th Cir. 1976); *see also Dunne v. Henman*, 875 F.2d 244, 249-50 (9th Cir. 1989) (suggesting that even where the district court has personal jurisdiction over the custodian, the preferred forum for a § 2241 petition is the district where the petitioner is confined). Because Mr. Kiniti is currently being held by DHS at the Franklin County House of Corrections in Greenfield, Massachusetts, the district of confinement is the District of

4

Massachusetts. Thus, the preferable forum for Mr. Kiniti's habeas petition is the District of Massachusetts.

**B. Failure to Pay Filing Fee or Request IFP Status**

All parties instituting any civil action, suit, or proceeding in any district court of the United States must "pay a filing fee of $350, except that on application for a writ of habeas corpus the filing fee shall be $5."[1] *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay this filing fee only if the party is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Mr. Kiniti has not prepaid the filing fee required to commence any civil action, and he has not filed a motion to proceed IFP in compliance with 28 U.S.C. § 1915(a). Therefore, no civil action can yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051. Moreover, Mr. Kiniti did not file his petition along with a completed civil cover sheet, as required by Local Civil Rule 3.1. *See* CivLR 3.1.

**C. BIA Has the Discretion To Grant Petitioner's Requested Relief**

Because the Court dismisses for lack of personal jurisdiction, the Court need not reach whether a stay of removal proceedings while an appeal is pending before the BIA is available as a form of relief under § 2241. The Court notes, however, that if the BIA enterains an interlocutory appeal where a significant issue is raised that affects the administration of the immigrations laws, then the BIA may grant a stay of proceedings while the interlocutory appeal is pending. *Matter of K-*, 20 I. & N. Dec. 418, 419-20 (BIA 1991). Thus, petitioner

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(b); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Sept. 1, 2018). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

may be able to seek the relief requested here before the BIA.

### III. CONCLUSION AND ORDER

For the foregoing reasons, the Court **dismisses** the petition, (ECF No. 1), for lack of personal jurisdiction and for failure to pay the filing fee or request IFP status**.**

IT IS SO ORDERED.

Dated: February 5, 2019

_____
Honorable Barry Ted Moskowitz
United States District Court